# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK COLLINS,<br><br>                  Plaintiff,<br>vs.<br><br>NATIONAPOINT LOAN SERVICES aka HOME LOAN SERVICES; FIRST FRANKLIN LOAN SERVICES; LA SALLE BANK NATIONAL ASSOCIATION, CAL-WESTERN RECONVEYANCE CORP.; DON KIM; MICHELLE SNYDER; and GARY STOCKEY,<br><br>                  Defendants. | CASE NO. 09cv1314 JM(CAB)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

      All Defendants, Home Loan Services, Inc. ("HLS"), erroneously sued as Nationalapoint Loan Services, aka Home Loan Services; First Franklin Financial Corporation, erroneously sued as First Franklin Loan Services; LaSalle Bank National Association, as trustee; Don Kim; Michelle Snyder; and Gary Stockey (collectively "Defendants"), move to dismiss the First Amended Complaint ("FAC") for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff Jack Collins opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants in part and denies in part the motion to dismiss. The court also grants Plaintiff 15 days leave to amend the FAC from the date of entry of this order.

## BACKGROUND

On June 17, 2009 Defendants timely removed this federal question action from the Superior Court of California, County of San Diego. The FAC, filed on July 17, 2009, alleges three causes of action for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq., violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605 et seq., and violation of California Business & Professions Code §17200 et seq.

Plaintiff's claims arise from the refinancing of the mortgage on his home. In November 2006 Plaintiff applied to refinance his mortgage with First Franklin Loan Services ("Franklin"). At that time Plaintiff had an adjustable rate mortgage with a 5.5% interest rate set to adjust to 8.5% in February 2007. (FAC ¶8). The principal balance at that time was about $408,000. Plaintiff then sought to refinance the loan to a fixed rate loan.

HLS, the direct lender through Franklin, verbally offered a 30-year mortgage at a fixed rate of 6% with the principal amount of $458,000. (FAC ¶14). Before execution of the loan documents, HLS advised Plaintiff that it would not be able to offer the loan on the terms quoted. Rather, HLS offered a 7.2% fixed loan with a three-year pre-payment penalty period with a loan amount of $469,000. (FAC ¶15). The home appraised at $587,000.

At the time of the "in home" execution of the loan documents, "Plaintiff was presented in rapid succession myriad documents which he was told to sign or initial at the indicated places." (FAC ¶15). "The contents of the documents were not described to Plaintiff nor was he given an opportunity to read the documents." Id. After signing the documents, he allegedly was not provided a copy of the documents and was told that they would be provided later.

Plaintiff alleges that the failure to be provided with copies of the loan documents violated TILA because HLS did not disclose (1) he was not required to complete the loan because he signed the loan application; (2) he could lose his home and that HLS

1 possessed a mortgage on the property; (3) the APR for the loan; and (4) two copies of
2 the Notice of right to rescind.  (FAC ¶18).  After execution of the loan documents,
3 Plaintiff made a "qualified written request" for copies of the loan documents.  (FAC
4 ¶21).  HLS failed to respond to these requests.  (FAC ¶22).

5     Plaintiff was unable to continue making payments on the loan and, on January
6 15, 2009 a Notice of Default was record and a trustee's sale scheduled for May 6, 2009.
7 (FAC ¶25, 26).  Apparently, the sale did not go forward and Plaintiff continues to reside
8 at the property.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. at 1949.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard Feiner and Co.,

896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The TILA Claim**

<u>Statutory Damages</u>

A claim for damages under TILA must be brought within one year of the alleged violation. 15 U.S.C. §1640(e). Here, there is no dispute that, absent equitable tolling, Plaintiff's damage claim under TILA is time barred because Plaintiff executed the loan documents on April 2, 2007 and commenced the lawsuit on April 24, 2009. In this circuit,

> the limitations period in Section 1640(e) runs from the date of consummation of the transaction but that the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. Therefore, as a general rule the limitations period starts at the consummation of the transaction. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

<u>King v. State of Cal</u>, 784 F.2d 910, 915 (9th Cir. 1986), <u>cert. denied</u>, 484 U.S. 802 (1987).

Here, Plaintiff alleges that "Defendants' concealment of facts from Plaintiff" resulted in Plaintiff not discovering, nor in the exercise of reasonable diligence could have discovered, the basis for the TILA claims "until within one year of the filing of [t]his action." (FAC ¶24). As Plaintiff alleges fraudulent concealment, Fed.R.Civ.P. 9(b) requires him to particularly set forth specific allegations demonstrating the tolling of the statute of limitations. <u>Fox v. Ethicon Endo-Surgery Inc.</u>, 35 Cal.4th 797, 815

1  (2005). While Plaintiff particularly describes Defendants' wrongful actions in failing
2  to provide him with the required disclosures and his lack of knowledge of the terms of
3  the loan (he was told at the time of executing the loan documents he would be provided
4  with copies at a later time, (FAC ¶17), he did not read the loan documents, and he
5  allegedly made a post-execution request seeking "information relating to the servicing
6  of his loan to HLS" and HLS did not respond (FAC ¶21)), he must also particularly set
7  forth his own due diligence in pursing this claim..

8  As Plaintiff fails to sufficiently plead particularized allegations with respect to
9  the claim of fraudulent concealment, the court grants the motion to dismiss. As there
10 may be circumstances under which Plaintiff can satisfy the pleading requirements, the
11 court grants Plaintiff leave to amend this claim.

12 Rescission

13 Defendants move to dismiss the TILA rescission claim on the ground that
14 Plaintiff fails to adequately establish that Plaintiff is capable of tendering the reasonable
15 value of the property in the event the court grants the rescission claim.

16 The court denies the motion to dismiss the rescission claim on the ground raised.
17 "In applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender
18 by the borrower of the property he had received from the lender.'" Yamamoto v. Bank
19 of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (quoting Ljepava v. M.L.S.C. Props.,
20 Inc., 511 F.2d 935, 944 (9th Cir. 1974)). As explained in Yamamoto, the rescission
21 provision of TILA, 15 U.S.C. §1635(a), and implementing regulation Section 226.23
22 of Regulation Z,

> provides that the borrower is not liable for any finance or other charge, and that any security interest becomes void upon such a rescission. The statute adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property.

27 329 F.3d at 1170. The Ninth Circuit held that the "statute need not be interpreted
28 literally as always requiring the creditor to remove its security interest prior to the

1  borrower's tender of proceeds." Id. at 1171.

2  In Yamamoto, defendant mortgagee moved for summary judgment on the ground
3  that plaintiffs testified at deposition that "they could not fulfill TILA's tender
4  requirement." Id. at 1168. The district court then provided plaintiffs an additional 60
5  days to make a showing that they were in a position to tender the proceeds upon
6  rescission. When plaintiffs were unable to make the requisite evidentiary showing, the
7  court granted summary judgment in favor of the mortgagee even though the court
8  concluded that there were genuine issues of material fact as to whether plaintiffs
9  received the proper TILA disclosures. In applying TILA, the Ninth Circuit noted that
10 "a trial judge has the discretion to condition rescission on tender by the borrower of the
11 property he had received from the tender." Id.

12 Here, on the present motion to dismiss, the court declines to require Plaintiff to
13 make an evidentiary showing that he is in a position to tender the proceeds of the loan.
14 Plaintiff alleges that he "will have the ability to restore to Defendants any sums due
15 from Plaintiff to Defendant." (FAC ¶31). At the pleading stage, nothing more is
16 required.[1]

17 In sum, the motion to dismiss the claim for rescission is denied.

18 **The RESPA Claim**

19 Defendants move to dismiss the RESPA claim on the ground that the FAC fails
20 to state a claim for RESPA relief, and the claim is barred by the one year statute of
21 limitations. These arguments have merit.

22 Plaintiff makes the general allegation that "Defendants have violated RESPA by
23 failing to provide the disclosures required by RESPA in an accurate and timely fashion"
24 and "the fees charged were not reasonably related to the services performed by
25 defendants." (FAC ¶¶38, 40). Plaintiff does not identify any specific provision of
26 RESPA allegedly violated by Defendants. Absent such a critical allegation, Defendants

27

28     [1] The court notes that Defendants' arguments are better raised in context of an evidentiary motion.

1  are not provided with adequate notice of the claims asserted against them. Furthermore,
2  the court notes that RESPA's one year statute of limitations is, like the TILA claims,
3  subject to equitable tolling principles. As Plaintiff seeks to toll the statute of limitations
4  under a fraudulent concealment theory, Plaintiff must particularly describe the grounds
5  for tolling and Plaintiff's due diligence in pursuing his claims.

6       In sum, the court grants the motion to dismiss the RESPA claim and grants
7  Plaintiff leave to amend this claim.

8  **The "Qualified Written Request" Claim**

9       Defendants moves to dismiss the "Qualified Written Request" RESPA claim for
10  failure to state a claim. RESPA imposes on loan servicers the duty to timely respond
11  to inquiries concerning a consumer's mortgage loan whenever the loan servicer
12  "receives a qualified written request from the borrower." 12 U.S.C. §2605(e)(1)(A). A
13  "Qualified Written Request" must (1) identify the name and account of the borrower
14  and (2) set forth "a statement of the reasons for the belief of the borrower, to the extent
15  applicable, that the account is in error or provides sufficient detail to the servicer
16  regarding other information sought by the borrower." 12 U.S.C. §2605)(e)(1)(B).

17       The court concludes that this claim is adequately plead under federal notice
18  pleading requirements. Plaintiff alleges that he "made properly composed qualified
19  written requests for information relating to the servicing of his loan to HLS, therein
20  providing the requisite information and seeking information regarding the servicing of
21  his loan," and that Defendants did not respond to the requests. (FAC ¶21). Such an
22  allegation permits Defendants to file an adequate response and to conduct discovery.

23       In sum, the court denies the motion to dismiss this claim.

24  **The Business and Professions Code §17200 Claim**

25       Defendants move to dismiss the §17200 claim on grounds that (1) federal law
26  preempts a §17200 claim that uses TILA as the underlying cause of action and (2) the
27  alleged wrongful conduct is not adequately plead. California's Unfair Competition Act
28  has a broad scope that allows for "violations of other laws to be treated as unfair

competition that is independently actionable" while also "sweep[ing] within its scope acts and practices not specifically proscribed by any other law." Kasky v. Nike, Inc., 27 Cal.4th 939 (2002).  Section 17200 makes unlawful "three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.App.4th 163, 180 (1999).

Here, the court finds Defendants' preemption argument unavailing. Defendants argue that the claim is preempted under Silvas v. E*Trade Mortgage Corp., 421 F.Supp2d 1313 (S.D.CA 2006) affirmed 514 F.3d 1001 (9th Cir. 2008). In Silvas, the plaintiffs argued that defendant's practice of misrepresenting consumers' legal rights in advertisements and imposing unlawful lock-in fees violated §17200. The district court held that such claims were specifically preempted by 12 C.F.R. §560.2(b)(5). The Ninth Circuit affirmed, holding that the broad regulatory power given to the Office of Thrift Supervision preempted these claims. The claims at issue in the case at bar do not involve challenges to advertising or loan fees. Accordingly, the court rejects Defendants' preemption argument.

With respect to adequate pleading of the §17200 claim, Defendants argue that the allegations are too conclusory to state a §17200 claim. Plaintiff alleges that Defendants violated §17200 by (1) "misrepresenting to Plaintiff the terms on which it is willing to refinance the property;" (2)violating Plaintiff's rights regarding that refinancing; and (3) violating the statutory requirements of TILA and RESPA. The court concludes that these allegations fail to provide Defendants with adequate notice of the claim asserted against them. With respect to misrepresenting terms of the refinancing, the court notes that Plaintiff fails to identify which material terms were misrepresented or which refinance rights were violated. Further, as set forth above, Plaintiff fails to state a RESPA claim and the TILA claim seeking damages may be time barred. As Plaintiff requests leave to amend, the court grants Plaintiff leave to amend to state a §17200 claim.

1  In sum, the motion to dismiss is granted in part and denied in part. The court grants the motion to dismiss the TILA statutory damages claim, the RESPA claim, and the §17200 claim. The court denies the motion to dismiss the TILA rescission claim and the "qualified written request" RESPA claim. The court also grants Plaintiff 15 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: September 29, 2009

Hon. Jeffrey T. Miller
United States District Judge

cc:       All parties